IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIFER BRYANT-JONES, ) | |
| ) | |
|     Petitioner, ) | Case No. CV 06-279-N-LMB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM DECISION** |
| COMMISSIONER, SOCIAL SECURITY ) | **AND ORDER** |
| ADMINISTRATION, ) | |
| ) | |
|     Respondent. ) | |
| _____) | |

Currently pending before the Court is Jennifer Bryant-Jones' Petition for Review seeking review of the final decision of Respondent denying her claim for Title II Social Security disability benefits and Title XVI Supplemental Security Income. The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

Jennifer J. Bryant-Jones ("Petitioner" or "Claimant") applied for a period of disability and disability insurance benefits under Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Act on December 16, 2002 (AR 57-59); Petitioner's Br., p. 1 (Docket No. 10). Petitioner alleged disability beginning July 1, 2001 due to vertiginous syndromes. (AR 12). The onset date was later amended to January 1, 2000. (AR

MEMORANDUM DECISION AND ORDER - 1

385-86).

Petitioner's application was denied initially and again after reconsideration. (AR 30-34; 36-41). Petitioner requested a hearing before an Administrative Law Judge ("ALJ"). (AR 11). ALJ Mary Bennett Reed held a hearing on February 1, 2005 at which time Petitioner and her husband, Kenneth Jones, appeared and testified. Daniel McKinney, a vocational expert, also testified. At the time of the hearing before the ALJ, Petitioner was fifty-five (55) years of age with an Associates Degree. She had twenty years of past work experience as a nurse. (AR 387-8).

On October 18, 2005, the ALJ issued a decision denying Petitioner's claim because she found that Petitioner has the residual functional capacity to perform a limited range of light exertion work and that Petitioner's impairments do not prevent her from performing her past relevant work. (AR 20-21). The ALJ therefore concluded that Petitioner was not under a disability as defined in the Social Security Act at any time through the date of the decision. (AR 21).

Petitioner requested the Appeals Council review the ALJ's decision. The Appeals Council denied Petitioner's request on May 23, 2006 (AR 4-6), making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted her administrative remedies, Petitioner timely filed this instant action. Petitioner argues that he ALJ failed to consider the effect of her obesity on her ability to work. *Petitioner's Brief*, pp. 3-5 (Docket No. 10). Petitioner requests that the ALJ's decision be remanded in order to allow the ALJ an opportunity to further evaluate the evidence.

MEMORANDUM DECISION AND ORDER - 2

## II.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish an entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (2005). The second part of that process involves a determination regarding whether the claimant has a "severe impairment." 20 C.F.R. § 416.905(a) (2006). If no "severe" impairment is found, the claimant will be found not to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards. 42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975);

MEMORANDUM DECISION AND ORDER - 3

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019.  The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  *See id*.  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases."  *Id*. at 1095 (citation omitted).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether it is based on application of proper legal standards.

### III.

### DISCUSSION

**A.      Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920 (1997).

The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). In the instant action, the ALJ found that Petitioner has not engaged in substantial gainful activity since the alleged onset of disability. (AR 13, 20).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). The ALJ found that Petitioner suffers from severe obesity, vertigo, diabetes mellitus, and gastroesophageal reflux disease (AR 16) and that these are considered "severe" under the Regulations (AR 20).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the answer is in the affirmative, the claimant is disabled and benefits are awarded. 20 C.F.R. § 404.1520(d). In this respect, the ALJ concluded

MEMORANDUM DECISION AND ORDER - 5

that Petitioner's medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  (AR 16, 20).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  In this respect, the ALJ concluded that Petitioner has the residual functional capacity to perform a limited range of light exertion work and that her "past relevant work as a registered nurse, as classified in some settings, did not require the performance of work-related activities precluded by her residual functional capacity.  (AR 20).  In short, the ALJ determined that Petitioner's medically determinable impairments do not prevent her from performing her past relevant work.  Accordingly, the ALJ did not reach the fifth step where the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy, *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) and instead concluded that Petitioner is not under a disability as defined in the Social Security Act at any time through the date of the decision.  (AR 21).

      **B.**     <u>**Analysis**</u>

Petitioner argues that the ALJ failed to properly consider the effect of her obesity on her ability to work, Petitioner's Br., pp. 3-5 (Docket No. 10); specifically, that the ALJ failed to consider her obesity as an independent condition and to discuss the effects of obesity on her ability to perform work-related activities, such as standing or walking.  *Id.* at pp. 4-5.

In assessing whether Petitioner retained the residual functional capacity to perform the requirements of her past relevant work or other work, the ALJ noted that she had considered all of the claimant's statements of record and the testimony presented at the hearing. Petitioner informed the ALJ at the hearing that she was being treated for her obesity. (AR 407).

The ALJ began her discussion of Petitioner's ailments with a notation on Petitioner's obesity, noting Petitioner's testimony that she weighed 267 pounds at the hearing, up from about 200 pounds in 2000. (AR 17). Later in the decision, the ALJ discussed the variations in Petitioner's weight (AR 18), and then went on to assess Petitioner's residual functional capacity by including "restrictions attributable to all of the claimant's impairments, whether or not 'severe,' considered in combination, including the claimant's *obesity*, vertigo, prior cervical fusion, and prior ankle fracture." (AR 19) (emphasis added). With this in mind, the ALJ found the medical evidence of record established that Petitioner's impairments

> considered in combination, preclude her ability to lift more than 10 pounds frequently or more than 20 pounds occasionally, stand and/or walk more than 6 hours in a n 8 hour day with normal breaks, sit more than 6 hours in an 8 hour day with normal breaks, climb ropes, ladders or scaffolds, work at unprotected heights, walk on uneven ground, or more than occasionally work overhead, kneel, or crawl.

(AR 19). Petitioner has not pointed to any medical evidence of record that indicates her obesity created more restrictions than those set forth by the ALJ. In fact, Petitioner cited to no medical records at all or to anything else that might support a finding that any of her medical conditions required the ALJ To include more stringent limitations in the residual functional capacity assessment.

MEMORANDUM DECISION AND ORDER - 7

Moreover, Petitioner does not challenge the ALJ's determination that she is not credible. The ALJ based this credibility determination on her finding that Petitioner's "testimony is inconsistent with her reports to her treating physicians and her functional abilities demonstrated by her work activities and her activities of daily living." (AR 17). In connection with this credibility determination, the ALJ extensively discussed Petitioner's claimed functional limitations and explained the reasons for discounting those claimed limitations. (AR 17-19). The ALJ's explanation included a discussion of Petitioner's weight gain. (AR 18).

In summary, the ALJ appropriately considered and discussed Petitioner's obesity and how it, along with Petitioner's other conditions, limited her functional capacity. *Compare Burch v. Barnhart*, 400 F.3d 676, 683-84 (9th Cir. 2005) (determining that the ALJ properly considered the claimant's obesity in the RFC determination and that the Petitioner had not set forth any functional limitations resulting from obesity that the ALJ failed to consider). For this reason and because Petitioner has not pointed to any evidence in the medical record to support any more restrictive limitations than those assessed by the ALJ, the Commissioner's decision must be upheld.

## IV.

## CONCLUSION

As the Court has discussed, the ALJ is the fact finder and is solely responsible for weighing and drawing inferences from facts and determining credibility. *Allen*, 749 F.2d at 579; *Vincent on Behalf of Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ. *Key*, 754 F.2d at 1549. The Court finds that the

evidence upon which the ALJ relied can reasonably and rationally be relied upon to support her conclusion, despite the fact that such evidence may be susceptible to a different interpretation.

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.  Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching her decision and the Commissioner's decision is upheld.

V.

**ORDER**

Based on the foregoing, the decision of the Commissioner is AFFIRMED and this action is dismissed in its entirety with prejudice.



DATED:  **March 21, 2008**.

Honorable Larry M. Boyle
U. S. Magistrate Judge